IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SONYA D. PETTAWAY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv241–HEH |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

This matter is before the Court on *pro se* Appellant Sonya D. Pettaway's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" filed on January 23, 2015 (ECF No. 30), requesting that the August 8, 2013 judgment of this Court be vacated.[1] Given the procedural posture of this case and the relief requested in the motion, the Court will construe Pettaway's filing as a Motion for Relief from Judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2]

For the reasons that follow, the Court DENIES Pettaway's motion.

---

[1] This Court, as required, construes pleadings filed by *pro se* litigants liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Pettaway filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" pursuant to Fed. R. Civ. P. 12(b)(1), requesting "that the defendant['s] complaint be . . . dismissed." (Pettaway Mot. to Dismiss 4.) Because this case, initiated by Pettaway as the Appellant-Plaintiff, was previously dismissed, and the outcome was not favorable to Pettway, the Court assumes that the post-judgment motion seeks to vacate the judgment. Based on this request, Pettaway also seeks the return of all payments she made to the Department of Education after the date the Social Security Administration confirmed her total disability.

[2] The Federal Rules of Civil Procedure provide two (2) vehicles for requesting reconsideration of a court's prior decision. Parties may bring a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) ("Rule 59(e)"), or a motion for relief from judgment under Fed. R. Civ. P. 60(b) ("Rule 60(b)"). A Rule 59(e) motion must be filed within twenty-eight (28) days after entry of judgment, and that time period may not be extended. *See* Fed. R. Civ. P. 6(b)(2). Thus, if a post-judgment motion requesting reconsideration of, or relief from, a district court's final judgment or order is filed within the 28-day period, it is properly construed as a Rule 59(e) motion; and if filed outside that 28-day period, it is properly construed as a Rule 60(b) motion. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003).

## I. BACKGROUND

Pettaway's case initially reached this Court on appeal from the United States Bankruptcy Court (the "Bankruptcy Court"). During her Chapter 7 bankruptcy proceedings, Pettaway sought discharge of a student loan debt owed to the United States Department of Education based on "undue hardship," which was denied. Pettaway appealed to this Court, challenging—as applicable here—the Bankruptcy Court's consideration of how she spent her Social Security Disability Income—namely, gambling—in determining that Pettway had not met the "undue hardship" standard for a discharge because she had not made a good faith attempt to pay her student loans. This Court affirmed the decision of the Bankruptcy Court by Memorandum Opinion and Order entered August 8, 2013. (ECF Nos. 15, 16.) Pettaway appealed the August 8, 2013 Order to the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit"), which affirmed this Court's determination that the Bankruptcy Court did not err in considering Pettaway's use of her Social Security Disability funds when declining to discharge her student loans (USCA Op. & J., March 31, 2014, ECF Nos. 25, 26).

Apparently dissatisfied with the outcome of her appeal to the Fourth Circuit, Pettaway filed the instant motion, arguing that this Court lacked subject matter jurisdiction to rule on matters pertaining to an award of Social Security Disability Income, and consequently, the judgment must be vacated. Pettway is correct that courts may raise the issue of subject matter jurisdiction at any time—even after entry of a final judgment, *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); however, her assertion that this Court lacked subject matter jurisdiction is incorrect.

2

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure permits a party to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). In pursuing such relief, the moving party must first "make a showing of timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Werner v. Carbo*, 731 F.2d 204, 206–07 (4th Cir. 1984). Next, the movant must satisfy one of the six (6) grounds for relief enumerated in Rule 60(b). *Id.* at 207. Under subsection (4) of Rule 60(b), a district court may relieve a party from a final judgment or order that is void. Fed. R. Civ. P. 60(b)(4). A judgment may be vacated as "void" under Rule 60(b)(4) only if the rendering court (1) lacked personal jurisdiction, (2) lacked subject matter jurisdiction, or (3) acted in a manner inconsistent with due process of law. *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005).

The Fourth Circuit narrowly construes the concept of a "void" judgment. *Id.* "[A] lack of subject matter jurisdiction will not always render a final judgment 'void' under Rule 60(b)(4). Only when the jurisdictional error is 'egregious' will courts treat the judgment as void." *Id.* at 413 (citation omitted). When deciding whether a judgment is void for lack of subject matter jurisdiction, courts must look for the "rare instance of a clear usurpation of power." *Id.* (quotation marks and citation omitted). "A court plainly usurps jurisdiction only when there is a total want of jurisdiction and no arguable basis on which it could have rested a finding that it had jurisdiction." *Id.* (quotation marks and citation omitted).

## III. <u>DISCUSSION</u>[3]

Pettaway argues that this Court, and by extension the Bankruptcy Court, exceeded jurisdictional authority when considering her use of her Social Security Disability Income as a factor in assessing undue hardship. In support of her argument, Pettaway misapplies the judicial review provisions of the Social Security Act, 42 U.S.C. 405(g)–(h), to conclude that this Court had no jurisdiction. The provisions Pettaway cites grant the district courts authority to review final decisions of the Commissioner of Social Security as to a claimant's eligibility for Social Security Disability benefits. Importantly, these statutes apply only to Social Security Disability Income eligibility determinations, and mean only that the district courts have no jurisdiction until a final decision denying eligibility has been issued. In any event, these statutes are inapplicable to Pettaway's case, as her eligibility for Social Security Disability Income was never at issue. The only issue before this Court, with respect to Social Security benefits, was whether it was error for the Bankruptcy Court to consider the reality that Pettaway gambled away her Social Security Disability Income, as well as funds received from a personal injury judgment, in its assessment of whether Pettaway would suffer any undue hardship if her student loans were not discharged. This Court, as well as the Fourth Circuit, concluded that it was not.

Neither the decision of this Court, nor the decision of the Bankruptcy Court, affected Pettaway's eligibility for, or right to receive, Social Security Disability Income. Thus, this Court did not exceed its jurisdictional authority with respect to the Social

---

[3] Although this Court is not convinced that Pettaway would satisfy the threshold requirements—particularly that of "exceptional circumstances"—for bringing a motion under Rule 60(b), the Court will assume for purposes of this discussion that Pettaway has satisfied the threshold requirements.

4

Security Act, 42 U.S.C. §§ 401, *et seq.* Furthermore, this Court had jurisdiction to review the final decision of the Bankruptcy Court in Pettaway's appeal of her Chapter 7 bankruptcy proceeding. *See* 28 U.S.C. § 158.

Pettaway also relies upon 34 C.F.R. § 685.213 to argue that because she receives total disability benefits, her student loans must be discharged. This regulation applies to an administrative discharge of student loans on the basis of total and permanent disability. *See* 20 U.S.C. § 1087(c); *see also Faison v. Duncan*, 2012 U.S. Dist. LEXIS 51508 (N.D. Ga. 2012). Only the Secretary of Education, not a district court, has discretion to administratively discharge a loan. *United States v. Wright*, 87 F. Supp. 2d 464, 466 (D. Md. 2000); *see also Bega v. Dept. of Educ.*, 180 B.R. 642 (1995). Thus, this Court lacks jurisdiction to provide Pettaway any relief under this statute.

## IV. CONCLUSION

This Court's August 8, 2013 judgment is not void for want of jurisdiction, as 28 U.S.C. § 158, undoubtedly, conferred upon this Court jurisdiction to review the decision of the Bankruptcy Court. Additionally, the judgment of the Fourth Circuit affirms that neither this Court, nor the Bankruptcy Court, committed error or exceeded jurisdictional authority by considering Pettaway's gambling away of her Social Security benefits as a factor in applying the "undue hardship" standard to determine that Pettaway's student loans could not be discharged.

For these reasons, Appellant Sonya D. Pettaway's "Motion to Dismiss for Lack of Subject Matter Jurisdiction," construed as a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(4), will be denied.

5


An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Jan. 30 2015
Richmond, Virginia

6